Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that under any aspect of the appellees’ claim, they are not entitled to the relief prayed for. The alleged mortgage by Meaux Thornton to Robert West, was executed on the 17th January 1807. When Robert West acquired possession of the slaves, does not distinctly appear. Meaux Thornton having died, Robert West administered on his estate in the County court of Gloucester, in February 1809. It is alleged he took possession of the slaves as administrator, not as mortgagee; but of this allegation, there is no proof. The recox’ds of Gloucester County court having been destroyed by fire, no account of his administration appears; and none after such a lapse of time, and the death of the original parties and their immediate representatives, can now be looked for. In the mean time, the slaves were removed by Robert West to another county, where he died. In 1817, his executor, George M. West, administered on his estate, took possession of the slaves as the assets thereof, and died in 1824; and his administratrix, Jane West, having been removed, administration of his estate has been committed to the sheriff. After the death of George M. West, administration de bonis non of the estate of Robert West, was committed to Price Perkins, sheriff of Buckingham, in November 1824. He took possession of the slaves as part of the unadministered assets of the estate of Robert West, and held them until February 1829, when they were sold as assets of that estate, at the suit of the creditors thereof. On the 13th of June 1832, this suit was instituted, 25 years after the execution of the mortgage, 23 years after the death of Meaux Thornton and administration on his estate, 15 years after the death of Robert West and administration on his estate, 8 years after the death of his executor, and 3 years after the sale of the negrbes, as assets ef Robert West’s estate found in the hands of the sheriff, his administrá *183 tor de bonis non. The long delay and laches of the appellees in asserting their claim, is not satisfactorily accounted for. The suit of Perrin asserting an adverse claim to the property against Meaux Thornton, does not furnish a sufficient apology. If they had notice of the suit at all, they would have perceived that as early as 1817, George M. West, the executor of Robert West, asserted by his answer, that his testator, Robert West, had a clear and just title to the property; thus setting up, and insisting upon a title adverse to the claim of the appellees. This assertion of an adverse claim should have led to enquiry. Had such enquiry been made, they would have perceived that the executor had made the allegation in good faith; that he had inventoried the slaves as part of the assets of his testator; thus making himself responsible to creditors and distributees for their hires and value. It does not appear when administration de bonis non upon the estate of Meaux Thornton was taken out, or how long it remained unrepresented after the death of Robert West; the fact, if material, should have been shewn by the appellees. But so far as the record discloses, they were all competent to act for themselves at the death of Meaux Thornton; no disability is alleged or shewn. As distributees of Meaux Thornton, they were the proper parties to have sued the administrator for a settlement and distribution; and that is one aspect of their bill. And though the personal representative was the proper party to file the bill to redeem, yet those who claim through him are not relieved from the consequences of their gross laches, if without any valid excuse, they fail to take the proper steps to procure a representative for such a length of time, and until after such a change of parties and circumstances, as to render it doubtful whether any decree can be pronounced without the hazard of injustice. In this case, the assertion of their claim involves the settlement of the administration account of Robert West *184 on Meaux Thornton’s estate, 15 years after the death of the administrator, and after the destruction of the records of the Court by which administration was gran- . ted; a settlement of the administration account of Gieorge ]\£ West, executor of Robert West, 8 years after his death; an account of the hires and profits of the slaves from 1809, after the death of all the original parties and their immediate representatives, and after the property itself has passed into the hands of bona fide purchasers, and the proceeds arising from the sale have been applied to the payment of the creditors of Robert West’s estate.
The Court is therefore of opinion, that upon the ground of adverse claim asserted upon the part of the estate of Robert West, and so long uncontroverted, the laches of the appellees in asserting their claim, and the hazard of injustice to others in going into settlements of estates, and calling for accounts of hires and profits of slaves under the circumstances of this case, the bill of the appellees should have been dismissed.